**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 14-10118 |
| Plaintiff - Appellee, | 14-10133 |
| v. | D.C. No. 2:07-cr-00366-GEB |
| ROBERT EBERLE; BARBARA EBERLE, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

In these consolidated appeals, Robert Eberle (Robert) and Barbara Eberle

(Barbara) each appeal from the 60-month sentences imposed following their guilty-

plea convictions for securities fraud, in violation of 15 U.S.C. §§ 77q(a) and 77x.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291.

In Appeal No. 14-10118, Robert challenges the district court's denial of his motion to substitute counsel. We review for abuse of discretion, *see United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009), and find none. The record reflects that Robert's motion, made shortly before sentencing, was untimely; that the district court conducted a thorough inquiry; and that there was not an extensive conflict between Robert and trial counsel. *See id.* at 942-44. Moreover, to the extent that Robert claims that he was denied his Sixth Amendment right to the effective assistance of counsel, his claim is not ripe for consideration on direct appeal. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003).

Robert also argues that his sentence is substantively unreasonable because it was disproportionate to the sentences received by his codefendants, and failed to account sufficiently for his age and health problems. The district court did not abuse its discretion in imposing Robert's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the losses suffered by the victims. *See Gall*, 552 U.S. at 51.

In Appeal No. 14-10133, Barbara challenges the district court's denial of her motion to substitute counsel, and the substantive reasonableness of her sentence.

2                                                            14-10118 & 14-10133

The government argues that her appeal should be dismissed based on an appeal waiver contained in her plea agreement. We review de novo whether to enforce an appeal waiver. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). Contrary to Barbara's contention, the record reflects that she was properly advised of the appeal waiver at her change-of-plea hearing. *See United States v. Ma*, 290 F.3d 1002, 1005 (9th Cir. 2002) (finding no plain error and enforcing appeal waiver when prosecutor summarized appeal waiver's terms and district court confirmed that defendant understood waiver provision). Accordingly, we dismiss Barbara's appeal in light of the valid appeal waiver. *See Watson*, 582 F.3d at 988.

**Appeal No. 14-10118 AFFIRMED.**

**Appeal No. 14-10133 DISMISSED.**